In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Rehabilitate THE TITLE AND MORTGAGE GUARANTY COMPANY OF SULLIVAN COUNTY, NEW YORK.

In the Matter of Plan for the Readjustment, Modification or Reorganization of the Rights of All the Holders of Mortgage Investments Represented by Series S-2, First Mortgage Participation Certificates, Issued and Guaranteed by THE TITLE AND MORTGAGE GUARANTY COMPANY OF SULLIVAN COUNTY, NEW YORK.

LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of THE TITLE AND MORTGAGE GUARANTY COMPANY OF SULLIVAN COUNTY, NEW YORK, Appellant; WILLIAM G. BIRMINGHAM and Others, as Trustees for the Holders of Mortgage Investments in Series S-2, and GLADYS E. BROWER, Respondents.

Third Department, January 21, 1937.

*Jess H. Rosenberg* [*Irving H. Jurow* of counsel], for the appellant.

*Paul McDermott*, for the respondents.

*Benjamin J. Rabin* [*Maurice Finkelstein, John J. Clarke* and *Morris Amchanitzky* of counsel], for the Mortgage Commission of the State of New York, *amicus curiæ.*

BLISS, J. A bond and mortgage were executed and delivered by Gladys E. Brower to the Title and Mortgage Guaranty Company of Sullivan County dated May 29, 1926, to secure the payment of $8,000 and interest at six per cent per annum. Subsequently the company was put in liquidation by the State Superintendent of Insurance who took over its assets as liquidator. Later the above trustees were appointed for the benefit of the certificate holders of participation certificates in this mortgage and the bond and mortgage were assigned to the trustees by the liquidator. At that time there were outstanding participating certificates aggregating $4,800 which had been issued by the title company to various individuals and there remained unpaid on the mortgage $5,000 of principal, with interest from November 29, 1934. The liquidator of the title company claims to have an uncertificated interest of $200 in the mortgage for this difference between the amount of participation certificates outstanding and the amount unpaid on the mortgage. The trustees collected the balance remaining unpaid on the mortgage, and after payment of the expenses of the proceeding there remained in their hands an amount insufficient to pay in full the principal and interest on the outstanding certificates. The order appealed from directs payment of the entire balance remaining in the hands of the trustees, after payment of the expenses of the proceeding, to the holders of the certificates. The order, in effect, disallows the claim of the liquidator of the title company to share in this balance under his claim of an interest therein by reason of this ownership of the uncertificated portion of the bond and mortgage. It adjudges that the uncertificated portion is not entitled to share in the proceeds and is subordinate to the claims of the certificate holders.

As the rights of the parties must be determined by the intent of the agreement between them, the provisions of the participation

certificates become of supreme importance. Each certificate provides that the title company has received from the holder a specified sum of money, in consideration of which it assigns to the holder an undivided interest to the extent of said sum, with interest thereon, in the mortgage above mentioned, on which mortgage there is owing a designated amount which will be due at a fixed time, together with an undivided interest to the same extent in the bond accompanying the mortgage and also in the mortgage guaranty policy of the company which is issued to and deposited with the Merchants National Bank of Middletown, N. Y., as depositary for all holders of certificates of said mortgage. The company also guarantees to the holder payment of the principal and interest of the certificate. The certificate states that it is one of a series all bearing the same mortgage number, the aggregate amount of principal of which certificates does not exceed the principal amount of the mortgage and that the share assigned by the certificate shall be a co-ordinate lien with all other certificates of said mortgage now or hereafter issued and any share retained by the company. The company is appointed agent of the holder to collect the payments on the mortgage and to retain out of the proceeds of such collection so much as may remain after paying to the holders whatever may be due to them of principal and interest on the certificate.

In *Matter of People* (*Tit. & Mtge. Guar. Co.*) (264 N. Y. 69), where a much similar certificate was under consideration, it was held that the guaranty company was the primary debtor, assigning the mortgage only as collateral security for the debt. Such is the case here. There is here an unconditional promise on the part of the company to pay to the holder the principal and interest of the certificate. In fact the certificate holder looks first to the company for the payment of the certificate, and although the certificate assigns an undivided interest in the mortgage such assignment is in reality but collateral to the primary obligation of the company to pay the whole of it. As long as a portion of the principal or interest agreed to be paid by the company to the holder of the certificate remains unpaid, the certificate holder is entitled to the proceeds of the security, that is, the proceeds of the bond and mortgage. In the instant case the bond and mortgage have been paid in full and such proceeds are insufficient to pay the certificate holders in full. The company may not share in the proceeds of the mortgage on account of the uncertificated portion thereof until after the certificate holders have been paid in full.

It wishes to default on its promise to pay the certificate and at the same time asks to share in a distribution of the security. This would be contrary to the intent of the agreement and to legal principles.

Upon the entire certificate it is apparent that the parties intended that the company would pay the holder the face amount of the certificate, with interest, and that the proceeds of the mortgage should be first applied to that purpose. The certificate justifies this construction and if there is an ambiguity it must be resolved in favor of the certificate holders.

The order below should be modified so as to direct payment to the respondents filing briefs of their costs and allowances in the court below and in this court, and a distribution of the remainder after payment of such costs and allowances, to be made in the same manner as was made in the order appealed from, and as so modified the order should be affirmed.

HILL, P. J., McNAMEE and HEFFERNAN, JJ., concur; RHODES, J., dissents and votes to reverse on the ground that the certificates are a co-ordinate lien with the share retained by the company.

Order modified in accordance with opinion, and as so modified affirmed, with costs to the respondents filing briefs payable out of the fund.